Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
Bruce Chapman (SBN 164258)
bruce@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Plaintiff,
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DBEST PRODUCTS, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>IBEAUTY LIMITED COMPANY, a Colorado corporation,<br><br>Defendant. | **Case No.:2:25-cv-04583-MWC-JC**<br><br>**DBEST'S RESPONSE TO ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED** |

//

## I. INTRODUCTION

The case should not be dismissed for failure to apply for an entry of default because Plaintiff dbest products, Inc., "dbest") orally gave Defendant iBeauty Limited Company ("iBeauty") an extension of time to respond to the complaint as a professional courtesy. This action for patent infringement is closely related to iBeauty's earlier-filed case[1] against dbest for declaratory judgment already proceeding before the Court. In that case, in response to the Court's order to show why related cases should not be consolidated, dbest agreed that related cases should be consolidated with iBeauty's case. This is one of those related cases, and all the issues raised in dbest's complaint now have also been raised in the operative pleadings in the iBeauty action. iBeauty and others, however, filed an action against dbest in the Northern District involved two of dbest's patents, and that raises a forum shopping concern if this action is dismissed and iBeauty seeks to transfer its own action to the Northern District.

## II. FACTUAL BACKGROUND

Late in 2024, dbest, which monitors Amazon for listings offering products for sale that infringe its intellectual property, reported iBeauty and other Amazon sellers to Amazon for infringement of U.S. Patent No. 12,103,576 B2 ("the '576 Patent"). Declaration of Ehab M. Samuel In Support of dbest's Response to Order to Show Cause ("Samuel Decl."), ¶ 2. Amazon removed the accused listings and notified iBeauty that its listings had been removed as a result of dbest's patent infringement accusation. *Id.* Seeking to persuade Amazon to restore its listings, on

---

[1] *iBeauty Limited Co., et al v. dbest products, Inc.*, No. 2:24-cv-10694-MWC-JC (C.D. Cal.).

December 12, 2024, iBeauty, along with five more Amazon sellers whose Amazon listings had been taken down after dbest complained of infringement ("the iBeauty Group") sued dbest for declaratory judgment that their accused products do not infringe the '576 Patent. *iBeauty Limited Co., et al v. dbest products, Inc.*, No. 2:24-cv-10694-MWC-JC (C.D. Cal.), Dkt. No. 1. On December 31, 204, the iBeauty Group filed a First Amended Complaint adding state law claims for unfair competition and tortious interference. Dkt. No. 11. On May 21, 2025, dbest filed over two dozen complaints against Amazon sellers, including the complaint in this action against iBeauty, for infringement of U.S. Patent Nos. 12,275,446 ("the '446 Patent") and 12,304,546 ("the '546 Patent"). Samuel Decl., ¶ 4. iBeauty was served on June 27, 2025. Dkt. 15.

On June 16, 2025, the iBeauty Group filed a Second Amended Complaint in its action against dbest, removing its state law tort claims and adding claims for declaratory judgment that the '576 Patent is invalid over the prior art and for inequitable conduct. Samuel Decl., ¶ 5. Ten days later, the iBeauty Group filed another action against dbest, in the Northern District of California, for declaratory judgment that the '446 and '546 Patents are not infringed by their products reported to Amazon for infringement. Case No. 5:25-cv-05344-JD (N.D. Cal.). That action has never been served. Samuel Decl., ¶ 6.

On July 8, 2025, the Court entered a scheduling order in the iBeauty Group's action against dbest. Dkt. No. 51. On July 16, 2025, in the iBeauty Group's action, the Court issued an Order to Show Cause why that case should not be consolidated with certain related actions involving dbest's patents assigned to the Court,

including this action. Dkt. No. 55. Both parties responded. dbest contended that the related cases, *including this one*, should be consolidated with the iBeauty Group's action against dbest. Dkt. Nos. 60, 62. The iBeauty Group contended that some of the related cases, *including this one*, should be consolidated with its action against dbest. Dkt. No. 63. So the Court and both parties were all in agreement that this case should be consolidated with the iBeauty Group's case.

On July 19, 2025, the iBeauty Group filed a Third Amended Complaint (TAC), adding declaratory judgment claims for noninfringement and invalidity of the '446 and '546 patents. Dkt. No. 57. dbest answered the TAC, asserted affirmative defenses, and counterclaimed for infringement of the '576, '446, and '546 Patents and unfair competition and false advertising under the Lanham Act. Dkt. No. 59.

As the Court is aware, iBeauty has not yet filed a responsive pleading to dbest's complaint in this action. iBeauty's counsel contacted dbest's counsel, stated that he realized that iBeauty's response to dbest's complaint was overdue and asked for additional time to respond. Samuel Decl., ¶ 10. Given that the Court, iBeauty, and dbest all apparently agreed that the iBeauty Group's case and this one should be consolidated, and given that dbest's infringement claims in this action and in the iBeauty Group action are now the same, and iBeauty has responded to dbest's infringement counterclaims in the earlier-filed iBeauty Group action, dbest's counsel saw no reason not to grant the request for an extension as a professional courtesy to iBeauty's counsel. *Id.*, ¶ 11. Because the earlier filed iBeauty Group action, including dbest's counterclaims for infringement of the '446 and '546 Patents, is

being aggressively litigated and proceeding briskly toward a claim construction hearing, dispositive motions, and a trial, a delay in receiving iBeauty's responsive filing in this action would not prejudice dbest. *Id.* Having granted the request for an extension, there was no reason to apply for entry of default. dbest seeks a decision on the *merits* of its claims after this action is consolidated with the iBeauty Group's action, as both parties agreed. *Id.*, ¶ 12.

### III. ARGUMENT

This is not a case where the plaintiff has failed to prosecute its action. dbest has been forced to devote substantial resources to respond to four ex parte applications filed by one of the iBeauty Group Amazon seller plaintiffs in recent weeks. It should not be punished for extending professional courtesy to iBeauty's counsel in this action rather than apply to enter a default when all the claims pleaded in this action are already being litigated in the earlier filed case. Further, if this action is dismissed, the iBeauty Group may seek to transfer their own earlier filed action to the Northern District, where their other U.S. based counsel has an office and where its *second* action against dbest is pending. That would be forum shopping, inefficient, and an abuse of the judicial process. To avoid that possibility, this action should not be dismissed while the iBeauty Group's action against dbest in the Northern District is pending.

### IV. CONCLUSION

For the foregoing reason, there is just cause that this action not be dismissed for failure to prosecute.

DATED: August 5, 2025                    Respectfully submitted,

ORBIT IP LLP.

By: /s/ Ehab M. Samuel
Ehab M. Samuel (CA SBN 228296)
David A. Randall (CA SBN 156722)
Bruce Chapman (CA SBN 164258)
*Attorneys for dbest products, Inc.*